*Cates & Lindsey* for plaintiff.

---

DEBT.

## Magill vs Merrie & Bullin.

ERROR TO THE ANDERSON CIRCUIT.

Case 47.

*Dormant partners. Dissolution of Partnership.*

Oct. 14.

CHIEF JUSTICE EWING delivered the opinion of the Court.

The case stated.

MERRIE & BULLIN, a mercantile firm, of Louisville, sued Magill, Stagg & Sharp, as a late mercantile firm, doing business as such in the town of Franklin, Indiana, by the name of John R. Stagg & Co. The suit was abated as to Sharp. upon the suggestion of his death, and Stagg made default, Magill appeared and pleaded *non est factum,* relying upon the fact, that he had withdrawn from the firm before the date of the note sued on, which was executed by Stagg, in the name of the late firm, without his authority.

It appeared in proof, that Stagg, Sharp & Magill had been the avowed and known partners of the firm, prior

to the date of the note. That in October, 1836, the firm had dealings with the firm of Merrie & Bullin, under the name of John R. Stagg & Co., and executed their note to them, in that name, for an amount over $1000, payable in six months, which had been in part paid, and a judgment recovered for the residue, and collected. That in April, 1837, another purchase was made from the same firm, and the note in question executed by Stagg, the active partner in the same firm name. That in November, 1836, after the first purchase, the following article was executed by Sharp, Stagg and Magill: "It is agreed by the firm of J. R. Stagg & Co., that said firm be this day dissolved, as follows, viz: that J. A. Magill relinquishes his interest therein, and the survivors thereof agree to pay him $712 50 cents, the amount of his capital stock therein, —— months after date, and one *third* of the *proceeds* of the store from its commencement until the *time* of making the *estimate*, &c." No estimate was made before the note sued on was executed, nor afterwards, that was known to *their* Clerk, whose evidence was taken, and who testified that the dissolution was as well known about the town of Franklin, as was their copartnership. He further proved, that no publication was ever made in any paper, or set up any where, within his knowledge, of the dissolution, nor was notice given of the same to Merrie & Bullin, or any other firm in Louisville, to his knowledge, nor did he know that they were apprised of it.

Upon this evidence the counsel for both plaintiffs and defendant asked numerous instructions, all of which were rejected, and the following instruction given by the Court. "If the jury believe, from the evidence, that the defendant, Magill, was an ostensible partner of the firm of Stagg & Co., and that said firm had dealings with the plaintiffs as a firm, prior to the execution of the note in contest, and that the note in contest was executed by one of the firm, in the name of the firm, they should find for the plaintiffs, unless they should further find, that prior to the execution of the note in contest, the firm of Stagg & Co. was dissolved, and that fact made known to the plaintiffs."

MAGILL
vs
MERRIE & BUL-
LIN.

Judgment of the
Circuit Court.

The jury having found for the plaintiffs, and a judg-
ment rendered thereon, Magill has prosecuted a writ of
error to this Court.

The instruction given was a full and fair exposition of
the law, as applicable to the facts of the case, and those
asked by Magill's counsel and refused, were calculated
to embarrass, rather than to enlighten the jury.

Notice of the
withdrawal of a
dormant partner
from a partner-
ship, is not ne-
cessary; other-
wise as to an os-
tensible partner.

Magill was not a dormant partner, nor were the jury
authorized, from the proof, to regard him as such. A
dormant partner is one whose name is *purposely* conceal-
ed from the public. And being so concealed and un-
known, persons who deal with the firm do not look to
him as a partner, or deal upon the faith of his responsibili-
ty, and therefore are not entitled to notice of his with-
drawal from the firm. But Magill was an *ostensible* and
*avowed* partner, and known to the public as such. And
as an ostensible and avowed partner, whose name was
not *intended* to be concealed, the presumption is, that
when Stagg, the active partner first opened an account
with the plaintiffs, in the name of Stagg & Co., that they
inquired into, and Stagg gave all the names of the firm,
as giving strength and credit to the association. And hav-
ing once the names of the firm, when Stagg presented
himself again, and offered to open another account in the
same firm name, at the expiration of only about six
months from the former dealings, the plaintiffs having no
premonition of a change, would not be induced to suspect
any, and would not therefore be required to make further
inquiry to ascertain who were then the members of the
firm, much less would they be required to inquire of the
residents of a distant village, to ascertain the fact of a
a dissolution or change in the firm. But they had a right
to have actual notice of the change, and it was the duty
of Magill, if he wished to escape from further responsi-
bility, to have given it. The credit having been given
upon the presumed continuance, and consequently, upon
the faith of the entire firm, all are as responsible as if it
had in fact continued.

A note signed
with the partner-

Nor can we sanction the principle contended for by Ma-
gill's counsel, that it was the duty of the plaintiffs to

prove that the note was given in the transaction of the firm business, and for a copartnership consideration.

The members of a firm are presumed to have confidence in each other, and that neither will abuse the implied power confided to each. A note executed in the firm name by either, is therefore *prima facie* evidence that it was properly executed, and for a valid consideration to the firm. And if it was not so executed, it lies upon the defendant to impeach it, and show that it was executed upon and for a different consideration and purpose. And we know of no rule of law, which places a retiring partner, who has failed to give notice, upon other or different ground, in this respect, than the regular continuing members of the firm. He is still a partner as to the public, and trusted as such, and is subject to those rules of law applicable to partners.

But if it were necessary for the plaintiffs to prove the consideration of the note, or that it was given in the firm business and for firm purposes, it might fairly have been implied by the jury, from the fact, that goods were purchased about the time that the note bears date, and were brought to the store and intermingled with the old goods of the firm.

Moreover, according to our interpretation of the article of dissolution, Magill, if not a partner *inter se*, at the date of the note, was unquestionably a partner as to the public. He was to be a recipient of one third of the profits, until an "*estimate*" was made, and by the proof, no estimate or settlement had then been made, nor inventory taken of the stock on hand, but the new purchases were intermingled with the old, and the business went on as it had done. Magill was, therefore, as a participant of the profits, a partner in fact, as to the public at least.

The judgment of the Circuit Court is affirmed, with costs, &c.

*Turner and Robertson* for plaintiff: *Harlan & Craddock* for defendant.

MAGILL
*vs*
MERRIE & BULLIN.

ship name is *prima facie* a note of the firm, and the contrary must be shown if relied on.

A writing between the members of a firm, stipulates that one is to withdraw, and to be paid a proportion of the profits when the estimates are made, he is a partner until the estimates are made.